IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ANGIOSYSTEMS, INC.,**<br><br>        Plaintiff,<br><br>v.<br><br>**WORLDWIDE INNOVATIONS & TECHNOLOGIES**, **INC., and JOHN CADWALADER,**<br><br>        Defendants. | Case No. 16-cv-04029-DDC-KGS |

## MEMORANDUM AND ORDER

Plaintiff AngioSystems, Inc. has sued defendants Worldwide Innovations & Technologies, Inc. ("Worldwide") and John Cadwalader, claiming breach of contract and violation of the Kansas Uniform Trade Secrets Act. Plaintiff also has sued Mr. Cadwalader for fraud (Count II of plaintiff's Complaint). This matter comes before the court on Mr. Cadwalader's Motion to Dismiss Count II of Plaintiff's Complaint (Doc. 17). In his Motion, Mr. Cadwalader asks the court to dismiss plaintiff's claims against him under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons explained below, the court denies Mr. Cadwalader's Motion.

### I.    Background

Because Mr. Cadwalader brings this motion under Rule 12(b)(6), these facts are taken from plaintiff's Complaint, and the court accepts them as true. *See S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014).

1

Plaintiff manufactures medical devices. In 2003, defendant Worldwide entered into a license agreement with plaintiff that was to run until December 15, 2013. Under the license agreement, plaintiff manufactured medical radiation attenuation products called RADPADs.

At some point during the license agreement, plaintiff became concerned that Worldwide was going to terminate the agreement and look for someone else to manufacture the RADPADs. Because of this concern, plaintiff contacted Mr. Cadwalader, Worldwide's COO, several times between 2008 and 2010. Plaintiff inquired whether Worldwide was looking to have somone else manufacture the RADPADs, or even move the manufacturing in house. During four telephone conversations, one in 2008, two in 2009, and one in 2010, Mr. Cadwalader assured plaintiff that Worldwide was not looking to manufacture RADPADs itself or have someone else manufacture them. During the 2008 telephone conversation, Mr. Cadwalader also assured plaintiff that Worldwide "was going to extend the [l]icense [a]greement." Doc. 1 ¶ 20, at 3. Worldwide terminated the license agreement in 2010.

As it turned out, Worldwide had "began preparations to terminate the [l]icense [a]greement and manufacture RADPADs [itself] in 2008." *Id.* ¶ 50, at 6. Worldwide had "hired a director of manufacturing and spent hundreds of thousands of dollars to fabricate a" machine that would manufacture the RADPADs. *Id.* ¶ 51. Indeed, Worldwide had plans to terminate the license agreement "by the beginning of 2009." *Id.* ¶ 52, at 7. Based on the timeline of events, plaintiff claims that Mr. Cadwalader knew his statements were untrue, and so his statements constitute fraud. It is this fraud claim that Mr. Cadwalader asks the court to dismiss under Rule 12(b)(6) for failure to state a claim. After identifying the governing procedural standard in the following section, the court considers Mr. Cadwalader's arguments.

**II.     Legal Standard**

Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although this Rule "does not require 'detailed factual allegations,'" it demands more than "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Under this standard, 'the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.'" *Carter v. United States*, 667 F. Supp. 2d 1259, 1262 (D. Kan. 2009) (quoting *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)).

On a motion to dismiss like this one, the court assumes that a complaint's factual allegations are true, but need not accept mere legal conclusions as true. *Id.* at 1263. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not enough to state a claim for relief. *Iqbal*, 556 U.S. at 678.

**III.    Analysis**

Mr. Cadwalader contends that the court should dismiss Count II's fraud claim because Kansas's statute of limitations bars plaintiff's fraud claim. Alternatively, Mr. Cadwalader asks the court to dismiss Count II of plaintiff's Complaint for failing to allege facts that, if true, can support a fraud claim. The court considers both arguments below.

### A.     Statute of Limitations

Though the statute of limitations is an affirmative defense, it may be "raised and resolved in the Rule 12(b) context" when "the critical dates appear[] plainly on the face" of a complaint because "the defense [also] appears plainly on the face of the complaint." *Lee v. Rocky Mountain UFCW Unions & Emp'rs Tr. Pension Plan*, 13 F.3d 405, 1993 WL 482951, at *1 (10th Cir. 1993) (quoting *Miller v. Shell Oil Co.*, 345 F.2d 891, 893 (10th Cir. 1965)); *Sierra Club v. Okla. Gas & Elec. Co.*, 816 F.3d 666, 671 (10th Cir. 2016).  This is true, however, only when the dates that appear plainly in the complaint "make [it] clear that the right to be sued upon has been extinguished." *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).  Before considering Mr. Cadwalader's motion, then, the court must determine (1) the appropriate statute of limitations and (2) whether the dates alleged in plaintiff's Complaint plainly show that time has extinguished its right to sue Mr. Cadwalader for fraud.

In a diversity case, like this one, federal courts look to state law to determine the statute of limitations governing a claim.  *Id.* at 1041.  In Kansas,[1] actions for fraud are subject to a two-year statute of limitations, but "the cause of action shall not be deemed to have accrued until the fraud is discovered."  Kan. Stat. Ann. § 60-513(a)(3); *Osterhaus v. Toth*, 249 P.3d 888, 907 (Kan. 2011).  "Under Kansas law, fraud is discovered at the time of actual discovery or when, with reasonable diligence, the fraud could have been discovered."  *Thomas v. Sifers*, 535 F. Supp. 2d 1200, 1206 (D. Kan. 2007) (first citing *Miller v. Foulston, Siefkin, Powers &*

---

[1] As a diversity action, this case could present choice-of-law questions.  Mr. Cadwalader contends that Kansas law applies, Doc. 18 at 6, and plaintiff never challenges his assertion.  Instead, both parties' papers rely on Kansas law.  Because the parties have made the deliberate choice to rely on Kansas law, the court applies Kansas law throughout this Order, and the parties have waived any argument that some other state's law applies to this motion.  *See Dr Pepper Co. v. Adams Inv. Co.*, 940 F.2d 1538, 1991 WL 148876, at *1 (10th Cir. 1991) (finding that the parties had waived a choice-of-law argument when both relied upon Texas law in their briefs); *McCammond v. Schwan's Home Serv., Inc.*, 791 F. Supp. 2d 1010, 1012 n.1 (D. Colo. 2011) ("The Court notes that the Motion was briefed pursuant to Colorado law and, at the hearing on the Motion, neither party argued that Minnesota law applies to this issue.  Accordingly, any right to assert Minnesota law was arguably waived by the parties." (citing *Air Liquide Am. Corp. v. Cont'l Cas. Co.*, 217 F.3d 1272, 1275 n.2 (10th Cir. 2000))).

*Eberhardt*, 790 P.2d 404, 415 (Kan. 1990); then citing *Waite v. Adler*, 716 P.2d 524, 527 (Kan. 1986)). Because a fraud claim does not ever accrue until the fraud is discovered, or should have been discovered, the dates appearing in plaintiff's Complaint must clearly show that its fraud claim was discovered or should have been discovered before March 25, 2014—two years before plaintiff filed its Complaint here. Otherwise, the face of plaintiff's Complaint does not "make clear that the right to be sued upon has been extinguished" and the court cannot use a Rule 12(b)(6) motion to decide Mr. Cadwalader's statute-of-limitations defense. *Aldrich*, 627 F.2d at 1041 n.4.

Only four dates relevant to the court's statute-of-limitations inquiry appear in the Complaint: the years of Mr. Cadwalader's allegedly fraudulent statements—2008, 2009, and 2010—and the date plaintiff filed its Complaint. Doc. 1. Plaintiff does not allege when it discovered that Mr. Cadwalader's statements were fraudulent, so the court cannot determine from the face of the Complaint when plaintiff had actual notice that it had a fraud claim against Mr. Cadwalader. Plaintiff also does not allege any facts demonstrating a date when it should have discovered Mr. Cadwalader's statements were fraudulent.

Nonetheless, Mr. Cadwalader asks the court to determine that plaintiff should have discovered the fraud when Worldwide terminated the license agreement in 2010.[2] On a motion to dismiss under Rule 12(b)(6), the court cannot make such a determination. The court's "task, because it does not have before it a factual record, is only to determine whether the claimant has pleaded facts that show its suit is time barred." *Turner & Boisseau, Inc. v. Nationwide Mut. Ins. Co.*, 944 F. Supp. 842, 847 (D. Kan. 1996) (citing *Pacourek v. Inland Steel Co.*, 858 F. Supp. 1393, 1399 (N.D. Ill. 1994)). Because plaintiff's Complaint alleges no facts establishing when

---

[2] Plaintiff's Complaint does not give the exact date when Worldwide terminated the license agreement. The Complaint merely implies that the termination occurred in 2010. *See* Doc. 1 ¶ 32, at 4 ("Again in 2010, as late as days before [Worldwide] terminated the [l]icense [a]greement . . . .").

plaintiff discovered or should have discovered that Mr. Cadwalader's statements were fraudulent, the face of the Complaint does not establish that plaintiff's fraud claim accrued before March 25, 2014.  Thus, a question of fact exists about applying the statute of limitations to the operative facts.  So the court must deny Mr. Cadwalader's request to dismiss Count II of plaintiff's Complaint based on the statute of limitations.  *E.g.*, *id.* ("Because the accrual date of the defendant's contract action is not readily apparent from the pleadings, the court must deny the plaintiff's motion to dismiss the defendant's counterclaim."); *Toth*, 249 P.3d at 907 (explaining that when a plaintiff discovered or should have discovered a fraud is a jury question when questions of fact exist about the time of discovery).

### B. Failure to State a Claim

Alternatively, Mr. Cadwalader asks the court to dismiss Count II of plaintiff's Complaint for failing to state a claim.  Mr. Cadwalader contends that his allegedly fraudulent statements to plaintiff cannot form the basis of a fraud claim because they were "oral promises that contradict[ed] a fully-integrated written contract."  Doc. 27 at 6.  For support, Mr. Cadwalader relies on the Tenth Circuit's decision in *Flight Concepts Ltd. P'ship v. Boeing Co.*, 38 F.3d 1152 (10th Cir. 1994).

In *Flight Concepts*, the Tenth Circuit held that "[w]here the written contract directly contradicts the oral promises made during contract negotiations, the oral promise cannot be construed as fraudulent." *Id.* at 1157 (first citing *Edwards v. Phillips Petroleum Co.*, 360 P.2d 23, 26–27 (Kan. 1961); then citing *Jack Richards Aircraft Sales, Inc. v. Vaughn*, 457 P.2d 691, 696 (Kan. 1969)).  There, the plaintiff contended that the defendants fraudulently misrepresented "the truth in that [the] defendants never intended to invest money in or develop" the plaintiff's product when the two signed a licensing agreement, despite the defendants telling the plaintiff

6

otherwise. *Id.* The licensing agreement included a clause disavowing any obligation to produce or sell the plaintiff's product. *Id.* at 1155–56. And so, the Tenth Circuit held that the defendants' oral promises made during contract negotiations could not, "as a matter of law, establish fraudulent inducement or misrepresentation." *Id.* at 1157. "The fact that the written contract conflict[ed] directly with any oral promises [the defendants'] employees made concurrently erase[d] any effect of those oral promises from the" licensing agreement. *Id.*

Here, plaintiff does not allege fraudulent inducement or that Mr. Cadwalader's fraudulent statements misrepresented Worldwide's intentions at the outset of the license agreement. Indeed, plaintiff's allegations have nothing to do with promises or statements made during the parties' contract negotiations. So *Flight Concepts* is different—in important respects—from this case. Moreover, the *Flight Concepts* rule applies only to oral promises made at the same time the parties execute a contract. *See Jack Richards Aircraft*, 457 P.2d at 696 (applying the rule discussed in *Flight Concepts* and stating, "[w]here an oral promise is made contemporaneously with the execution of a written contract . . . [and is] directly at variance with the written contract, the oral promise is merged in the written contract, and the promisee cannot invoke the rule that fraud may be predicated upon a promise made without the intention of performance." (quoting *Edwards*, 360 P.2d at Syl. ¶ 1)). Here, plaintiff alleges that Mr. Cadwalader made fraudulent statements about Worldwide's intentions to terminate the agreement well after the parties had signed and began performing the license agreement. The *Flight Concepts* rule does not apply.

Nonetheless, Mr. Cadwalader contends that the *Flight Concepts* rule applies here because his statements conflicted with the license agreement. Mr. Cadwalader's argument is misplaced. He makes this argument in the context of a Rule 12(b)(6) motion, so the court may not look outside the Complaint without converting his motion into one for summary judgment. *Gee v.*

7

*Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010). To support his argument, Mr. Cadwalader attaches a copy of the license agreement to his Motion to Dismiss. But, plaintiff has not attached the license agreement to its Complaint or incorporated it by reference in the Complaint, so the court may only consider the license agreement if it is central to plaintiff's fraud claim and the parties do not dispute the agreement's authenticity. *See id.* (listing exceptions to the rule against looking outside the pleadings).

The license agreement is not central to plaintiff's fraud claim. Plaintiff bases its fraud claim on Mr. Cadwalader's allegedly false statements that Worldwide did not intend to switch manufacturers, and not on a representation contained in the license agreement. And though the license agreement is central to Mr. Cadwalader's argument here, that does not make it central to plaintiff's claim. *See Capital Sols., LLC v. Konica Minolta Bus. Sols. USA, Inc.*, Nos. 08-2027-JWL, 08-2191-JWL, 2008 WL 3538968, at *3 (D. Kan. Aug. 11, 2008) (explaining that extrinsic evidence that isn't central to a plaintiff's claim is not admissible in a Rule 12(b)(6) motion even if the evidence is central to the defendant's "theories of defense"). Plaintiff's fraud claim references the license agreement, but only to provide context for its allegations. The fraud claim neither references the agreement's terms nor rests on the agreement's terms. *E.g.*, *id.* (finding that loan documents were not central to the plaintiff's claim because the plaintiff's "claims and allegations against [the defendant] [did] not rest on the terms and conditions set forth in the[] loan documents" (citing *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1385 (10th Cir. 1997))); *Chastain v. Hodgdon*, No. 16-2087-CM, 2016 WL 4273286, at *4 (D. Kan. Aug. 15, 2016) (holding that a book was extrinsic evidence when attached to a motion to dismiss "despite plaintiff's mentioning of the evidence in the complaint"). Thus, any argument based on the license agreement's terms takes the court outside the Complaint. This is not permitted.

But even if the court were to consider the license agreement's terms, the *Flight Concepts* rule would not apply.  Plaintiff does not base its fraud claim on statements about the agreement's terms.  Plaintiff merely alleges that Mr. Cadwalader represented that Worldwide was not going to terminate the agreement when he knew that assertion to be untrue, so his allegedly fraudulent statements could not conflict with the licensing agreement.  They have nothing to do with the agreement's terms.

**IT IS THEREFORE ORDERED THAT** John Cadwalader's Motion to Dismiss Count II of Plaintiff's Complaint (Doc. 17) is denied.

**IT IS SO ORDERED.**

**Dated this 27th day of October, 2016, at Topeka, Kansas.**

<u>s/ Daniel D. Crabtree</u>
**Daniel D. Crabtree**
**United States District Judge**